UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Crim No.: 6:16-cr-00026-GFVT |
| | ) | Civ. No.: 6:18-cv-00074-GFVT |
| V. | ) | |
| | ) | **ORDER** |
| DEBBIE JONES, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Recommended Dispositions filed by former United States Magistrate Judge Robert E. Wier. The Defendant, Debbie Jones, first filed a *pro se* motion to vacate her sentence pursuant to 28 U.S.C. § 2255. [R. 37.] Judge Wier reviewed the motion, and recommends the Court deny Ms. Jones the requested relief and deny issuance of a certificate of appealability. [R. 49.] Ms. Jones has not filed any objections to Judge Wier's Recommended Disposition.

Ms. Jones entered a guilty plea to a violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing Methamphetamine on October 24, 2016. [R. 22; R. 24; R. 31.] In doing so, she waived the right to appeal her guilty plea and conviction, but reserved the right to appeal her sentence. [R. 22 at 3.] Additionally, Ms. Jones waived the right to attack collaterally her guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel. *Id*. Ms. Jones stated at both rearraignment and sentencing that she was fully satisfied with the representation she received from her attorney. [R. 42 at 13–14; R. 43 at 4.] On March 6, 2017, this Court sentenced Ms.

Jones to 120 months imprisonment followed by eight years of supervised release. [R. 31.]

On March 7, 2018,[1] Ms. Jones filed this Motion to Vacate pursuant to 28 U.S.C. § 2255. [R. 37.] She asserts three arguments claiming ineffective assistance of counsel. *Id*. First, she complains that her attorney, Hon. Liannie Parahoo, did not provide her with her United States Sentencing Guidelines calculation prior to Ms. Jones entering a guilty plea. *Id*. at 4. Next, Ms. Jones claims that Ms. Parahoo told her she would only receive five to seven years in prison when, in reality, Ms. Jones faced a mandatory minimum of ten years. *Id*. at 5. Finally, Ms. Jones complains that Ms. Parahoo did not allow her to revoke her plea agreement when Ms. Jones realized she faced ten years in prison. *Id*. at 6.

Judge Wier prepared a Recommended Disposition rejecting each of Ms. Jones's claims. [R. 49.] For claims of ineffective assistance of counsel, Ms. Jones must prove by deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is shown by demonstrating "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. To demonstrate prejudice, Ms. Jones must prove "counsel's errors were so serious as to deprive the defendant of a fair trial." *Id*.

As to her first complaint, that Ms. Parahoo did not provide her with the Guideline range prior to her plea agreement, Judge Wier found no ineffective assistance of counsel. [R. 49 at 4–6.] However, a defendant's Guideline range is not calculated until after the defendant enters a guilty plea or is convicted at trial, and after the presentence report (PSR) is prepared. No counsel is ever able to provide a defendant with a Guideline range prior to entering a guilty plea. The

---

[1] Pursuant to the prison mailbox rule, the Court uses the date in which Ms. Jones placed her motion in the prison mailing system. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002). Ms. Jones certified that she placed her motion in the prison mailing system on March 7, 2018. [R. 37 at 12.]

Court explained this to Ms. Jones, and she swore under oath that she understood. [R. 42 at 23–25.] Accordingly, Judge Wier rejected her claim and found this was not ineffective assistance.

Judge Wier also rejected Ms. Jones's second complaint, concerning the alleged statement by Ms. Parahoo "that the plea agreement was for 10 years but she was 95% sure she could talk it down to 5 to 7 years based on [Ms. Jones's] age, health, and medical issues." [R. 37 at 5.] Even assuming that Ms. Jones's assertion is true, this Court advised Ms. Jones that she faced at least ten years, and that the Court had no discretion to vary below that minimum. [R. 42 at 22.] Ms. Jones stated, under oath, that she understood this and had no questions concerning the penalties she faced. *Id*. at 23. Such colloquy at rearraignment cures any misunderstanding Ms. Jones may have had concerning the consequences of her plea agreement. *United States v. Pola*, 703 F. App'x 414, 423 (6th Cir. 2017). Accordingly, Judge Wier found Ms. Jones's second claim to also be without merit.

Finally, Ms. Jones claims that Ms. Parahoo did not allow her to withdraw her guilty plea when she "realized at sentencing" that she would receive the mandatory minimum of 120 months imprisonment. [R. 37 at 6.] However, as Judge Wier explains, this Court explained to Ms. Jones at *rearraignment* that she was subject to the mandatory minimum, and that this Court could not give her a sentence less than ten years. [R. 42 at 23–25.] Under oath, Ms. Jones agreed that she understood this. *Id*. at 25. Though she may have hoped this Court would deviate below the mandatory minimum, she acknowledged understanding that this Court had no discretion to sentence her to less time. Additionally, this Court explained to Ms. Jones that she would not be able to withdraw her plea if the sentence was not what she had expected. *Id*. at 25–26. Again, Ms. Jones swore understanding to this. *Id*. As to her third and final argument, Judge Wier found no basis for § 2255 relief. [R. 49 at 12.]

3

In addition to recommending this Court dismiss Ms. Jones's claims, Judge Wier also recommended this Court deny her a Certificate of Appealability. When a petitioner makes a "substantial showing of the denial of a constitutional right," the Court may issue a Certificate of Appealability. 28 U.S.C. § 2253(c)(2). Such a "substantial showing" would require Ms. Jones demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Judge Wier determined Ms. Jones has not made such a substantial showing for any of her alleged slights, and thus recommended denial of a Certificate of Appealability. [R. 49 at 14.]

Judge Wier's Report and Recommendation advised the parties that any objections to the Recommendation must be filed within fourteen (14) days of service or waive the right to further appeal. [R. 49 at 14.] As of this date, neither party has filed any objections nor sought an extension of time to do so. Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Rain's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

4

1.	The Magistrate's Recommended Disposition [**R. 49**] as to Debbie Jones is **ADOPTED** as and for the Opinion of the Court;

2.	Ms. Jones's Motion to Vacate pursuant to 28 U.S.C. § 2255 [**R. 37**] is **DENIED;**

3.	A Certificate of Appealability is **DENIED**; and

4.	**JUDGMENT** in favor of the United States will be entered contemporaneously herewith and this matter will be **STRICKEN** from the Court's active docket.

This the 26th day of June, 2018.

Gregory F. Van Tatenhove
United States District Judge